WILLIAM H. CARTER & another *vs.* WABASH, ST. LOUIS, AND PACIFIC RAILROAD COMPANY.

Suffolk. March 10. — May 9, 1884. DEVENS & COLBURN, JJ., absent.

An action, brought in the Superior Court, the declaration in which contains a count in tort and a count in contract, cannot be removed to this court, under the Pub. Sts. c. 152, § 7.

MORTON, C. J. The plaintiffs' action is described in the writ as " an action of tort or contract." The declaration contains eight counts, four in tort and four in contract, all alleged to be for the same cause of action.

The question presented to us is whether, if a plaintiff brings an action in the Superior Court, and his declaration contains a count in tort and a count in contract, the defendant can remove the action to this court, under the provisions of the Pub. Sts. c. 152, § 7.

Prior to 1880, actions brought in the Superior Court, in which the *ad damnum* or property in controversy exceeded four thousand dollars in the county of Suffolk, or one thousand dollars in the other counties, could be removed to the Supreme Judicial Court by the consent of parties, or upon the motion and proper

affidavit of the defendant. Gen. Sts. *c.* 114, §§ 7, 8. In that year it was enacted that " no action of tort shall hereafter be brought in the Supreme Judicial Court, or shall hereafter be removed to said court from the Superior Court." St. 1880, *c.* 28. These provisions are incorporated into the Public Statutes in different language, but it is clear that the Legislature did not intend to make any change in the law. Pub. Sts. *c.* 152, §§ 3, 7, 8. The provision, as it now stands in the Public Statutes, is that " actions, except of tort," may be removed, if the amount in controversy is sufficiently large.

As the law now stands, it prohibits any action of tort from being brought in or removed to this court. We are of opinion that this action falls within this prohibition. The object of the statute is that cases of tort shall be tried in the Superior Court. The plaintiffs' action cannot be divided; so far as it is an action of tort, we have no jurisdiction of it. A plaintiff cannot bring an action in this court, and confer upon us jurisdiction to try a count in tort by joining with it a count in contract. Nor can a defendant remove a case to this court merely because it contains a count in contract, of which, if it stood alone, this court would have jurisdiction. Indeed, if the defendant could remove such a case, it would be in the power of the plaintiff to oust the jurisdiction of the court, by discontinuing his counts in contract and leaving his case purely one of tort.

The law gives the plaintiff the right, in some cases, to join counts in tort and in contract. In such cases, it often cannot be determined, until a verdict is rendered, whether he can prevail in tort or in contract. Such a case involves the trial of a case of tort, and, as this is within the exclusive jurisdiction of the Superior Court, it must be begun and must remain in that court.

The defendant argues that this construction enables parties to evade the statute by colorably adding counts in tort to counts in contract. We cannot admit the force of this argument. If the counts are improperly joined, the defendant's remedy is to demur in the Superior Court, and thus cause one of the counts to be stricken from the record. If they are properly joined, we cannot regard it as a mischief that, by the exercise of his right, he can elect the Superior Court as the forum in which to try his case. In all those cases, which are numerous, where

a plaintiff has his election of his remedy, either by an action of tort or of contract, he has this right of selecting his forum.

We are of opinion that this action could not legally be removed to this court; that we have no jurisdiction in it; and that it must be dismissed from this court, and be remanded to, and reinstated in, the Superior Court.     *Action dismissed.*

*E. W. Hutchins & H. Wheeler,* for the plaintiffs.

*J. H. Benton, Jr.,* for the defendant.